PORFIRIO DE JESUS CALLO AND SOCORRO RODRIGUEZ CALLO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Callo v. Commissioner
Docket No. 4969-80.
United States Tax Court
T.C. Memo 1982-712; 1982 Tax Ct. Memo LEXIS 36; 45 T.C.M. (CCH) 299; T.C.M. (RIA) 82712; December 7, 1982. *36 Petitioner was a medical doctor who was licensed to practice in the State of Louisiana and who had graduated from the University of Santo Tomas, located in the Philippines. In 1977, several Philippine organizations sponsored conferences and invited petitioner to attend. Petitioner deducted $2,349 on his 1977 return for expenses allegedly incurred during his trip to attend such conferences. Held, pursuant to sec. 274(h), I.R.C. 1954, petitioner is not entitled to a deduction for expenses incurred in connection with the foreign conventions since he failed to satisfy the explicit requirements for deductibility imposed by the statute. Porfirio de Jesus Callo and Socorro Rodriguez Callo, pro se. Linda J. Bourquin, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated February 12, 1980 respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1977 in the amount of $1,395. After concessions, the sole issue for decision is whether petitioners are entitled to a deduction of $2,446 for the 1977 taxable year on account of employee business expenses incurred in foreign travel. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners Porfirio J. Callo and his wife, Socorro R. Callo, were residents of Jackson, Louisiana at the time of filing the *38 petition herein. They timely filed a joint Federal income tax return with the Internal Revenue Service Center, Austin, Texas for the taxable year ended December 31, 1977. Socorro R. Callo is a party to this proceeding solely by reason of having filed a joint income tax return with her husband (hereinafter petitioner). During 1977, petitioner was a medical doctor licensed to practice in the State of Louisiana. He graduated from the University of Santo Tomas, located in the Philippines. Prior to coming to the United States in 1969, Petitioner had been one of the officers of a dermatological association located in the Philippines. He also worked for the National Skin Clinic in that country. In 1977, these organizations sponsored conferences and invited petitioner to attend and appear as a guest lecturer. The business expenses at issue herein were incurred in connection with petitioner's attendance at such conferences in May and June of 1977. On his 1977 Federal income tax return, petitioner deducted $2,446 as employee business expenses incurred during the year. Of this amount, $94 was allowed by respondent in his statutory notice. Respondent disallowed $2,349 of the deduction, *39 the amount allegedly expended by petitioner as a result of his trip to the Philippines, on the ground that the express requirements of section 274(h), I.R.C. 1954, had not been met. [1]
OPINION The sole issue for decision is whether petitioner is entitled to deduct the expenses allegedly incurred in connection with his trip to the Philippines during 1977. Respondent asserted that the expenses in issue were incurred in connection with a foreign convention and petitioner apparently has not contested such assertion. Petitioner simply contends that the expenses were incurred, and therefore are deductible. During the taxable year in question, the deductibility of expenses incurred in connection with a foreign convention was governed by section 274(h), which provided in pertinent part as follows: SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. *40 (h) Foreign Conventions.-- (1) Deductions with respect to not more than 2 foreign conventions per year allowed.--If any individual attends more than 2 foreign conventions during his taxable year-- (A) he shall select not more than 2 of such conventions to be taken into account for purposes of this subsection, and (B) no deduction allocable to his attendance at any foreign convention during such taxable year (other than a foreign convention selected under subparagraph (A)) shall be allowed under section 162 or 212. Section 274(h)(7) requires that as a condition to the deductibility of "transportation and subsistence expenses" incurred while attending a foreign convention, the taxpayer claiming the deduction must attach "to the return of tax on which the deduction is claimed" two written statements verifying specific information with respect to the convention activities. [2] The parties stipulated that the income tax return filed by petitioner for 1977 was not accompanied by the statements required by section 274(h)(7). *41 There are no clarifying regulations accompanying section 274(h)(7). However, the legislative history makes it clear that the strict reporting requirements imposed by that section were enacted in order to prevent taxpayers from deducting what were primarily vacation expenses simply because a foreign "convention" established a business nexus. See H. Rept. No. 94-658, to accompany H.R. 10612, 94th Cong., 1st Sess. 168 (1975), 1976-3 C.B. (Vol. 2) 860; S. Rept. No. 94-938, to accompany H.R. 10612, 94th Cong., 2d Sess. 156 (1976), 1976-3 C.B. (Vol. 3) 194. The expenses deducted on petitioner's return for 1977 in connection with the Philippines trip were all either transportation or subsistence expenses within the meaning of section 274(h)(7). See H. Rept. No. 94-658, to accompany H.R. 10612, 94th Cong., 1st Sess. 170 (1975), 1976-3 C.B. (Vol. 2) 862, wherein "subsistence expenses" are defined as "lodging, meals, and other necessary expenses for the personal sustenance and comfort of the traveler, including tips and taxi and similar transportation expenses." Under the plain language of the statute, petitioner has failed to meet the requirements *42 of deductibility for expenses incurred in connection with attendance at a foreign convention. The language of the statute is unambiguous. The written statements must be attached to the return for the year in which the deductions are taken. Based on the record, we find that the expenses deducted by petitioner were transportation and subsistence expenses incurred in connection with his attendance of a foreign convention. Accordingly, the deductibility of such expenses is governed by section 274(h)(7). Since petitioner failed to comply with the requirements of that section, his deduction must be denied. [3]
To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. The foreign travel expenses claimed were as follows: Plane fare
$ 952
Lodging
675
Meals
375
Laundry
80
Taxi
150
Tips
50
Phone
67
$2,349
The remaining $3, also disallowed by respondent, was deducted by petitioner as automobile depreciation and apparently has been conceded by petitioner.↩
2. Sec. 274(h)(7) provides as follows: (7) Reporting Requirements.--No deduction shall be allowed under section 162 or 212 for transportation or subsistence expenses allocable to attendance at a foreign convention unless the taxpayer claiming the deduction attaches to the return of tax on which the deduction is claimed-- (A) a written statement signed by the individual attending the convention which includes-- (i) information with respect to the total days of the trip, excluding the days of transportation to and from the site of such convention, and the number of hours of each day of the trip which such individual devoted to scheduled business activities, (ii) a program of the scheduled business activities of the convention, and (iii) such other information as may be required in regulations prescribed by the Secretary; and (B) a written statement signed by an officer of the organization or group sponsoring the convention which includes-- (i) a schedule of the business activities of each day of the convention, (ii) the number of hours which the individual attending the convention attended such scheduled business activities, and (iii) such other information as may be required in regulations prescribed by the Secretary. Sec. 274(h)(7)↩, which was added by sec. 602(a) of Pub. L. 94-455, Oct. 4, 1976, 90 Stat. 1572, effective for conventions beginning after Dec. 31, 1976, was repealed by sec. 4(a) of Pub. L. 96-608, Dec. 28, 1980, 94 Stat. 3552.
3. The respondent made every reasonable effort to settle this matter.By refusing to accept the proferred settlement, petitioner gambled and, under our holding required by the clear language of the statute itself, has lost.↩